IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVE CLIFF,  AIS # 142970,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 14-0140-WS-N |
| **KIM THOMAS, et al.,** | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

This § 1983 action, filed by an Alabama prison inmate proceeding pro se, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Along with his § 1983 complaint, plaintiff filed a motion to proceed without prepayment of fees.  After reviewing these filings, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his

next action is filed.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'"  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because plaintiff is seeking leave to proceed in forma pauperis and is known as a "three-striker," the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to verify that he has three or more in forma pauperis actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted.  From those dockets the Court discovered plaintiff has had six actions dismissed for one of these reasons, namely, Cliff v. Haley, et al., 99-0455-RV-C (S.D. Ala. Sept. 24, 1999); Cliff v. Siegelman, et al., 99-0426-AH-C (S.D. Ala. Sept. 2, 1999); Cliff v. Lewis, et al., 99-0230-BH-M (S.D. Ala. Aug. 18, 1999); Cliff v. Alford, et al., 97-0748-CB-S (S.D. Ala. June 9, 1998); Cliff v. Davis, 97-0741-RV-S (S.D. Ala. Dec. 9, 1997); and Cliff v. Jones, et al., 95-1595 (S.D. Ala. Aug. 29, 1995).[1]

In order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury."  See Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001); Brown v.

---

[1] An examination of PACER ("Public Access to Court Electronic Records") indicates that plaintiff has filed twenty-four prior actions, with at least four actions being dismissed pursuant to 28 U.S.C. § 1915(g), namely, Cliff v. Mcillians, et al., 04-0301-WS-C (S.D. Ala. May 31, 2005), Cliff v. Earl, 08-0446-CG-M (S.D. Ala. July 31, 2009); Cliff v. Doe, et al., 11-0613-KD-N (S.D. Ala. Feb. 8, 2012); and Cliff v. Bonner, et al., 13-0246-WS-B (S.D. Ala. June 13, 2013).

Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350.  To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.).  Plaintiff has not done this.

In reviewing the complaint (Doc. 1), the Court finds that plaintiff identifies the date of the complained of incident as "1991 – present day," with March 25, 2014 being the date that the Court received plaintiff's complaint.  (Id. at 1, 4).  Plaintiff alleges that since 1991 "the people in charge of the prison system and the State of Alabama have been trying to keep [him] quiet because of all the lawsuits [he] [has] filed against them."  (Id. at 4).  Plaintiff claims that they are trying to kill him "with all the radars, computer and satel[l]ites along with the wiretaps in the prison system."  (Id.).  Plaintiff believes that defendants Governor Robert Bentley and Commission Kim Thomas have a right to know what is occurring in the Alabama prison system as do the federal courts have a right to know what the defendants are doing to him.  (Id. at 4, 5). He wants them charged with attempted murder on his life.  (Id. at 4).  He also maintains that they are "messing with [his] heart and [his] neck [-] choking [him] on a natural death."  (Id).  He asserts that "they will try and kill [him] for reporting wire taps, overpopulation e[tc. . . .]"  (Id. at

3

5).  Everyone in the prison system up to the governor are claimed by the plaintiff to have kept him quiet and stopped him from filing lawsuits reporting them.  (Id.).

In addition to these general allegations, plaintiff describes an incident that began on March 10th, when he spoke with defendant Nurse Aaron at the hospital about feeling that something was "pecking" at his heart and throat, which caused her to "forcefully" give him a shot over his objection.  (Id. at 6).  She then placed plaintiff in a suicide cell for twenty-four hours.  (Id.).  Plaintiff wants to know who authorized her to give him an injection.  (Id.).  Then, on March 17th, they refused to return his grievance

For relief, plaintiff requests damages from defendants and seeks to have them remove the wiretaps, radars, and computers from the prison system, leave him alone, and "stop peeping in the prison system" and "messing with [him]."  (Id. at 7).

 Considering plaintiff's present allegations, the Court finds that plaintiff does not show that he was under "imminent danger of serious physical injury" at the time of filing.  Plaintiff signed the complaint on March 23, 2014 and the Court received the complaint on March 25, 2014.  Thus, plaintiff's complaint was filed on or about March 23, 2014.  Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing).  In the complaint, no allegations are present demonstrating that plaintiff was subject to "imminent danger of serious physical injury" at the time the complaint was filed.  That is, many of plaintiff's allegations concerning electronic devices do not convey a cogent claim, and his medical claim does not concern an "imminent danger of serious physical injury" at the time of filing.

Because plaintiff cannot avail himself of §1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, plaintiff's action is due to be

dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings."  Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 22nd day of  December, 2014.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**